

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608**

**Hon. Michael B. Kaplan**                                                                                      **609-858-9360**
**Chief Judge, United States Bankruptcy Court**

December 22, 2023

*All Counsel of Record*
Filed on CM/ECF

                 Re:     <u>In re Robert James Gratton</u>
                           Case No. 22-15429 (MBK)

Dear Counsel,

     This matter comes before the Court by way of a Motion (ECF No. 46) filed by Robert James Gratton ("Debtor") seeking entry of an Order Expunging Proof of Claim Number 11, in part, filed in this matter by New Jersey Division of Taxation ("Taxation" or "the State"). Taxation filed a Brief in Opposition to the Debtor's Motion (ECF No. 55), to which the Debtor filed a Reply (ECF No. 67). Debtor then filed a subsequent Motion (ECF No. 71). Taxation submitted a second Brief in Opposition (ECF No. 74), to which Debtor responded with a Reply Brief (ECF No. 80), and a supplemental authority in support of his original Motion (ECF No. 81). The Court has considered the parties' submissions as well as the arguments raised during the hearing on November 22, 2023. For the reasons stated herein, Debtor's Motions are DENIED.

### I.     Jurisdiction and Venue

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

### II.     Background

The Debtor filed a voluntary chapter 13 petition on July 6, 2022. The State filed a proof of claim, Claim No. 11, for past due tax debts in the amount of $753,507.45 (the "Claim").

The Claim asserts a priority right to payment under 11 U.S.C. § 507(a)(8)(C) for deficient, unpaid Gross Income Tax — Employer Withholding ("GIT-ER") on behalf of two of Debtor's businesses over several tax years. The older debts arise from the period of time between the 1st quarter of 1994 and the 3rd quarter of 1997. Debtor objects to the Claim to extent it includes those older debts.[1] Debtor also challenges the Claim as it relates to tax years 2020 and 2021 because he alleges there is no evidence of any debt due. *See Motion* 2, ECF No. 71.

---

[1] In his initial moving papers, ECF No. 46, the Debtor asserted that the Claim should not be allowed because he timely filed a request for a closing agreement as to the tax debts and the State had not yet completed its response process. Thus, he argued that the Claim, as filed, was inaccurate and should not be allowed. In a responsive submission, ECF No. 55, Taxation confirmed that it, in fact, responded to Debtor's request for a closing agreement and denied same. In his Reply, ECF No. 67, Debtor raised—for the first time—a statute of limitations argument. Regardless, in his subsequent Motion, ECF No. 71, Debtor appears to abandon his prior arguments and raises the challenges to the Claim addressed in this Letter Opinion.

### III. Discussion

#### A. 1998 Certificate of Debt (Tax Years 1994, 1996 & 1997)

The N.J. Gross Income Tax Act is set forth in N.J. STAT. ANN. 54A:1-1 to 10-12 ("GIT Act") and imposes upon employers the obligation to withhold Gross Income Tax ("GIT") from the wages paid to employees. N.J. STAT. ANN. 54A:7-1 to N.J. STAT. ANN. 54A:7-7; *see also Gill v. Dir., Div. of Tax'n*, 33 N.J. Tax 182, 189 (2023), *as corrected* (May 5, 2023). The statute establishes a "responsible person" and imposes liability on that individual for any unpaid GIT-ER taxes. N.J. STAT. ANN. 54A:9-6(f), (g) and (l); *Gill*, 33 N.J. Tax at 190; *see also In re Pazzo Pazzo, Inc.*, 2007 WL 437685, at *1 n.2 (Bankr. D.N.J. Feb. 5, 2007), aff'd sub nom. *Pazzo Pazzo, Inc. v. New Jersey*, 2007 WL 4166017 (D.N.J. Nov. 20, 2007) ("Under N.J.S.A. 54:23B–14 and N.J.S.A. 54A–1–1 et seq., a responsible person or officer is liable for unpaid . . . GIT–ER.").

Here, Debtor concedes that he is the "responsible person" for unpaid GIT-ER taxes and, thus, is liable for any unpaid taxes. However, Debtor asserts that the Claim is no longer enforceable against him. Thus, he seeks to disallow the Claim under 11 U.S.C. § 502(b)(1). That provision of the Bankruptcy Code states a claim may be disallowed to the extent it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1); *see, e.g.*, *Matter of Berardi*, 2013 WL 6096227, at *2 (Bankr. D.N.J. Nov. 20, 2013). This Court is tasked with determining, first, whether Taxation has a claim against Debtor or his bankruptcy estate. To the extent such a claim exists, this Court must then consider whether the claim is enforceable, or whether it should be disallowed under § 502(b)(1) as unenforceable.

In addressing these issues, the Court turns to applicable state law.  Under the State Tax Uniform Procedure Law, the State has a statutory lien on all taxpayer property for taxes owed to the State. N.J. STAT. ANN. § 54:49-1 ("taxes, fees, interest and penalties imposed by any such State tax law . . . shall be a personal debt of the taxpayer . . . [and] shall be a lien on all the property of the debtor.").  N.J. STAT. ANN. 54A:9-12 speaks to collection, levy, and liens of taxes, including GIT-ER.  To recover, the State may commence an action within 6 years of the tax assessment, *see* N.J. STAT. ANN. § 54A:9-12(e), or can pursue alternative remedies.  One such alternative remedy is the issuance of a Certificate of Debt. *See* N.J. STAT. ANN. § 54A:9-12(c) (providing that the director may issue a certificate of debt within 6 years after the date of a tax assessment); *In re Downey*, 261 B.R. 124, 128 (Bankr. D.N.J. 2001) (citing N.J. STAT.ANN. 54:49–12; 54:49–13a) ("Under New Jersey law, summary enforcement of a tax lien can be accomplished either by warrant of execution on the taxpayer's property, or by the filing of a [Certificate of Debt] with the clerk of Superior Court, who enters debt as a judgment.").  Like a judgment, a Certificate of Debt "may be revived by proper proceedings or an action at law may be commenced thereon within 20 years next after the date thereof, *but not thereafter*." N.J. STAT. ANN. § 2A:14-5 (emphasis added).

In this case, Taxation did not pursue an action to recover taxes owed by Debtor within the six-year time period for doing so.  Instead, Taxation filed a Certificate of Debt on January 22, 1998.  More than 20 years has passed, and Taxation concedes that it did not revive or otherwise renew its Certificate of Debt.  Nevertheless, Taxation explains that a Certificate of Debt is merely one mechanism it has available to enforce a tax debt. *See, e.g.*, *C.J. Kowasaki, Inc. v. State, Div. of Tax'n*, 13 N.J. Tax 160, 167–68 (1993) ("The issuance of such certificate is, of course, as the statute plainly says, 'an additional remedy.' It provides the Director, Division of Taxation, with a method for obtaining a state-wide lien on a delinquent taxpayer's property.").  Therefore, Taxation

maintains its debt is "fully enforceable with <u>or without</u> a certificate of debt." *State Response Letter* 3, ECF No. 74.

Conversely, Debtor contends that—because Taxation failed to commence an action within 6 years and failed to revive its Certificate of Debt within 20 years—Taxation's lien is no longer legally enforceable. In support of his position, Debtor relies on a decision by the Superior Court of New Jersey, Chancery Division: *Gift Box Corp. v. Ravin, Esq.*, No. MRS-P-1128-2014, 2020 WL 10051923 (N.J.Super.Ch. July 15, 2020). The Court finds this decision instructive but not dispositive.

In *Gift Box*, the Superior Court of New Jersey, Chancery Division addressed a motion to expunge a statutory lien arising from GIT-ER in the context of an assignment for the benefit of creditors ("ABC") proceeding. The court concluded that "when Taxation has failed to file a certificate of debt, or institute an action against a taxpayer for recovery of a gross income tax debt within the six year period following the notice of assessment and demand for payment, the statutory lien arising under N.J.S.A. 54:49-1 will be rendered no longer valid." *Id.* at *1. In so concluding, the state court examined the State Tax Uniform Procedure Law and the Gross Income Tax Act together. When assessing, collecting, and enforcing GIT-ER taxes, the State Tax Uniform Procedure Law applies, except to the extent it conflicts with the Gross Income Tax Act. *See* N.J. STAT. ANN. 54A:9-1. In that instance, then the more specific provisions of the Gross Income Tax Act control. *See id.*; *Gift Box v. Ravin*, 2020 WL 10051923 at *9 (examining how the provisions of the State Tax Uniform Procedure Law "may be altered or modified in light of any conflicting provisions under the Gross Income Tax Act").

Both statutes, said the *Gift Box* court, were intended to create a "preferential lien" in favor of the State. However, "the Gross Income Tax Act contemplates the filing of a certificate of debt

or a judgment as a prerequisite for the State's lien to be perfected." *Id.* at *12 (citing N.J. STAT. ANN. 54A:9-12(g)). In other words, the New Jersey Legislature contemplated "State action beyond assessment and demand for payment" in order for the State's lien premised on GIT-ER taxes to be perfected; and failure to take this action results in the invalidation of the preferential lien. *Id.* at *13. Similar to the circumstances in *Gift Box*, here Taxation failed to institute an action for recovery of the GIT-ER taxes within 6 years. And, although Taxation initially recorded a Certificate of Debt, Taxation failed to renew same within the 20-year period. Accordingly, the State's preferential lien is no longer valid. *See id.* at *14.

This does not end the inquiry. In *Gift Box*, the state court clarified that, although the statutory lien is rendered invalid, the tax debt continues to exist. *Id.* ("Taxation's failure to perfect its statutory preferential lien under N.J.S.A. 54A:9-12 does not result in the extinguishment of the underlying gross income tax obligation intended to be secured."). Significantly, the *Gift Box* court observed that, unlike other tax statutes, which "prohibit[] payment and collection by Taxation . . . following expiration of the ten-year limitations period," the Gross Income Tax Act contains no such corresponding provision. *Id.* at *14. Thus, the court held that—despite the invalidity of the lien—the GIT-ER tax debt was not extinguished, and Taxation could still recover from the estate as a general unsecured creditor. Likewise, in the instant case, Debtor's GIT-ER tax debt is not extinguished as the result of the invalidation of Taxation's lien. Taxation still possesses a valid claim against Debtor. The Court now addresses whether that claim is enforceable against Debtor under applicable law.

This Court observes—as did the court in *Gift Box*—that lien-enforcement, certificates of debt, and actions for recovery are merely methods of collection and enforcement of tax debts. *See,*

*e.g., Kowasaki*, 13 N.J. Tax at 167 ("The Director, however, is not limited to demand, imposition of penalties and waiver of penalties and interest as the only tools for effectuating collection of taxes due."). Debtor agrees that "there are many tools for the collection of taxes due," *Debtor's Reply* 2, ECF No. 80, and Taxation points to other methods, such as the issuance of a warrant, offsetting state and federal payments, and offsetting state contractor payments, *see State Response Letter* 2-3, ECF No. 74. Taxation does not make any argument or present any evidence suggesting offsets are applicable here, and Debtor contends that none are available as to assets of the estate. Taxation similarly fails to elaborate on the possibility of a warrant as a method of collection. However, Debtor does not explicitly dispute this mechanism. This alternate remedy, set forth in the State Tax Uniform Procedure Law, does not carry with it a statute of limitations and does not appear to conflict with the Gross Income Tax Act. *See* N.J. STAT. ANN. § 54:49-13a; *see also Kowasaki* 13 N.J. Tax at 168 ("There is yet another remedy available to the Director to enforce collection of taxes. *N.J.S.A.* 54:49–13a provides for the issuance of a warrant by the Director to the sheriff of any county commanding him to sell the property of a delinquent taxpayer."); *In re Downey*, 261 B.R. at 128 (stating that summary enforcement of a tax lien can be accomplished by warrant of execution on the taxpayer's property); *In re Johns*, 242 B.R. 265, 270 (D.N.J. 1999) ("Summary enforcement can be accomplished either by a warrant of execution on the taxpayer's property, N.J.S.A. 54–49–13a, or by the filing of a certificate of debt with the clerk of the Superior Court of New Jersey who will enter the debt as a judgment. N.J.S.A. 54–49–12."). Thus, there is nothing to suggest—either in the record or in the parties' submissions—that this method of collection is foreclosed. Accordingly, the Court cannot conclude, on this record, that Taxation

cannot enforce the GIT-ER tax debt via the issuance of a warrant.[2]  As a corollary, the Court cannot determine that the Claim is unenforceable for purposes of § 502(b)(1), and Debtor's Motion fails.

### B. 2009 Certificate of Debt (Tax Years 2020 & 2021)

Debtor's argument with respect to the 2009 Certificate of Debt is undeveloped and difficult to follow.  Debtor explains that Taxation obtained a Certificate of Debt in 2009 for unpaid state taxes. *See Exhibit B to Motion*, ECF No. 71-2.  Debtor asserts that "[t]he proof of claim does not assert to a right to any amounts due the creditor from 2009, or four [sic] 6 years prior to that date. . . . As there is no evince [sic] of any debt due the creditor within 6 years of 2009, the debtor asks for an order expunging the certificate of debt of record." *Motion* 2, ECF No. 71 (citing N.J. STAT. ANN. 54A:9-12(c)).  Debtor then asks that the Court reduce the Claim "to $860.98 for tax year 2021 and $7,672.03 for tax years 2020 and 2021." *Id.* at 3.  Taxation's responsive submission does not address these arguments.  Nevertheless, the Court is unpersuaded that Debtor is entitled to any relief.  Taxation's Claim is prima facie valid. *See* 11 U.S.C. § 502(a).  The burden then shifts to Debtor—as the party objecting to the Claim—to produce evidence sufficient to negate its prima facie validity. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167 (3d Cir. 1992) (explaining shifting burden with respect to claim allowance).  Here, Debtor fails to satisfy this burden.  Debtor's arguments are unsupported and seek both expungement of a Certificate of Debt and reduction of the Claim in unexplained amounts.  Debtor's request is denied.

---

[2] To the extent Debtor submits documentation, caselaw, or argument indicating that a warrant is unavailable as a method of collection for this particular debt, the Court is amenable to reconsideration of the instant ruling.

### III. **Conclusion**

For the foregoing reasons, the Court DENIES the Debtors' Motion with respect to the amounts in Claim 11 from 1994-1997. Although Taxation's lien is invalid, the tax debt persists, and other avenues of collection appear to be available—such as via a warrant. Because the Claim exists and, on this record, is enforceable, it is not subject to disallowance under § 502(b)(1). Rather, the GIT-ER tax debt is a nondischareable trust fund tax debt entitled to priority under § 507(a)(8)(c). *See, e.g.,* Gill, 33 N.J. Tax at 188 (citations omitted) (establishing that GIT-ER taxes are "trust fund taxes"); *McGlone v. Dir., Div. of Tax'n*, 28 N.J. Tax 65, 71 (2014) (same). The Court will enter an Order consistent with this Opinion.

_____
Michael B. Kaplan, Chief Judge
U.S. Bankruptcy Court
District of New Jersey